IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:20-cv-03181-CNS-SKC

SEAN COUTURE,

    Plaintiff,

v.

UNITED AIRLINES, INC.,
SIMPLICITY GROUND SERVICES, LLC d/b/a Menzies Aviation, and
COLORADO ASPHALT SERVICES, LLC d/b/a Colorado Asphalt Services, Inc., d/b/a CASI,

    Defendants.

---

ORDER

---

Before the Court is Defendant Colorado Asphalt Services, LLC's ("CASI") Motion for Summary Judgment. (ECF No. 76). The Court GRANTS the motion for the following reasons.

**I. FACTS**

This civil action arises from Plaintiff's fall at Denver International Airport on January 22, 2019. Specifically, during a pre-flight inspection of an aircraft, Plaintiff, a pilot, slipped and fell on ice near United Gate B50. Plaintiff filed this civil action against United, who thereafter designated several non-parties that may be at-fault for the conditions on January 22. (ECF No. 17). Plaintiff thereafter amended his complaint to add two of the designated parties, CASI and Simplicity, to this civil action. (ECF No. 22). In its Answer to the Amended Complaint, Simplicity asserted numerous affirmative defenses to Plaintiff's claims, but did not file any crossclaims against any other defendant. (ECF No. 41).

1

CASI now moves for summary judgment on Plaintiff's claims against it, asserting that it was not a landowner under Colorado Premises Liability Act and breached no duty to Plaintiff. Plaintiff does NOT oppose CASI's motion, and Defendant United takes no position on the motion. Defendant Simplicity, however, filed a response in opposition to CASI's motion. (ECF No. 81).

## II.  LEGAL STANDARD

Summary judgment is warranted when (1) the movant shows that there is no genuine dispute as to any material fact and (2) the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The factual record and reasonable inferences must be construed in the light most favorable to the nonmoving party.  *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006).  The moving party bears the initial burden, but once met, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256 (1986).  Ultimately, the Court's inquiry on summary judgment is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## III.  ANALYSIS

Having reviewed CASI's Motion for Summary Judgment and Simplicity's Response, the Court finds it appropriate to grant the motion.

The primary factor favoring the grant of summary judgment in this case is Plaintiff's non-opposition to the motion. Plaintiff has the right to pursue, or not pursue, whatever claims he deems appropriate. Having concluded discovery in this matter, Plaintiff apparently no longer believes that he has viable claims against CASI. It would be a true distortion of Rule 56 to force a plaintiff to litigate a claim against his will. *See, e.g., D.F. by & through Amador v. Sikorsky Aircraft Corp.,*

2017 WL 4922814, *11 (S.D. Cal. 2017) (collecting cases). As the non-moving party against whom summary judgment is sought has not responded or opposed the motion, it is entirely appropriate to grant summary judgment.

Moreover, Defendant Simplicity has failed to present any evidence that warrants denying summary judgment, nor has it demonstrated that it would be adversely affected by the granting of the motion. Indeed, had Simplicity concluded CASI was responsible for Plaintiff's alleged injuries, it could have filed crossclaims against CASI. It did not. Additionally, Simplicity's Twelfth Affirmative Defense adequately protects it; to wit, pursuant to Colo.Rev.Stat. § 13-21-111.5, its liability will be limited to the amount of damages that is representative of its percentage of causal fault. Thus, regardless of CASI's presence in this case, Simplicity will only be held liable for its own degree of fault and is therefore not adversely affected by the dismissal of CASI from this case. *See Trantham v. Super T. Transport, Inc.,* 311 F.Supp.3d, 1247, 1252 (D. Colo. 2018).

## V.  CONCLUSION

Accordingly, Defendant CASI's Motion for Summary Judgment (ECF No. 76) is GRANTED, and CASI is DISMISSED from this case. Each party shall bear its own attorney's fees and costs associated with the dismissed claims.

DATED this 16th day of November 2022.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge