IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:20-cv-03181-CNS-SKC

SEAN COUTURE,

    Plaintiff,

v.

UNITED AIRLINES, INC.,
SIMPLICITY GROUND SERVICES, LLC d/b/a Menzies Aviation, and
COLORADO ASPHALT SERVICES, LLC d/b/a Colorado Asphalt Services, Inc., d/b/a CASI,

    Defendants.

## ORDER

Before the Court are Defendants United Airlines, Inc., and Simplicity Ground Services LLC's (1) Motion to Preclude the Testimony and Report of Plaintiff's Expert Mr. Daniel Best (ECF No. 63) and (2) Motion to Preclude the Testimony and Report of Plaintiff's Expert Dr. Edward Damore (ECF No. 64). The Court DENIES the motions for the following reasons.

### I. FACTS

This case pertains to a slip and fall incident that occurred on or about January 22, 2019, at the Denver International Airport while Plaintiff was conducting a post-flight inspection of an aircraft (ECF No. 22). The instant motions were both filed on March 24, 2022 (ECF Nos. 63, 64). A five-day jury trial is set to commence on June 12, 2023 (ECF No. 114). Defendants do not challenge the experts in the above motions based on their qualifications.

1

## II.  LEGAL STANDARD

Federal Rule of Evidence 702 governs the admissibility of expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. 579, 590–91 (1993). The party submitting the expert's testimony must show by a preponderance of the evidence that the testimony is admissible. *See, e.g.*, *Bethel v. Berkshire Hathaway Homestate Ins. Co*., No. 17-CV-01456-CMA-KLM, 2022 WL 1037572, at *2 (D. Colo. Apr. 1, 2022).  To determine whether expert testimony is admissible, a court must determine whether:  (1) the expert is qualified; (2) the expert's proffered opinion is reliable; (3) the expert's testimony is relevant; and (4) the proffered testimony will assist the trier of fact.  *See id.* at *2; *103 Invs. I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006); *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1122-23 (10th Cir. 2006).

An expert is qualified if they have the "knowledge, skill, experience, training, or education" to render an opinion.  *Roe v. FCA US LLC*, 42 F.4th 1175, 1180 (10th Cir. 2020) (citing Fed. R. Evid. 702).  An expert's testimony is reliable if the methodology employed by the expert is based on "sufficient data, sound methods, and the facts of the case." *Id.* (citation omitted).  The expert's testimony must be scientifically sound, but "absolute certainty" is not required. *Dodge v. Cotter Corp*., 328 F.3d 1212, 1222 (10th Cir. 2003) (quotation omitted).  Testimony is relevant if it "logically advances a material aspect" of the case and has a "valid scientific connection" to the

case's disputed facts. *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 884 n.2 (10th Cir. 2005) (citation omitted). The court looks to other non-exclusive factors to determine if the testimony will assist the jury: (1) whether the testimony is relevant; (2) whether it is within the juror's common knowledge and experience; and (3) whether it will usurp the juror's role of evaluating a witness's credibility. *Rodriguez-Felix*, 450 F.3d at 1123 (citation omitted). Doubts about the testimony's usefulness should be resolved in favor of admissibility unless such factors (e.g., time or surprise) weigh in favor of exclusion. *See Robinson v. Missouri Pac. R. Co.*, 16 F.3d 1083, 1090 (10th Cir. 1994) (quotation omitted).

### III.  ANALYSIS

#### A.  Plaintiff's Medical Expert Dr. Edward Damore (ECF No. 64)

Defendants move to preclude Dr. Damore's opinions and report as "unhelpful speculation" because Dr. Damore states that "he is concerned that there may be additional ongoing pathology within the shoulder and that this pathology has not been fully evaluated" (ECF No. 64, p. 2). Defendants object to Dr. Damore offering opinions regarding the underlying pathologies in Plaintiff's shoulder, the medical complications of surgery, and Plaintiff's ability to return to work after surgery because such "commentary" is impermissible speculation, unduly prejudicial, and insufficient to satisfy Rule 702 (*id.*, pp. 2, 5-7). Dr. Damore is Plaintiff's treating physician, having been referred for an orthopedic evaluation and diagnostic testing after the fall. Dr. Damore treated Plaintiff after the fall and created a treatment plan for Plaintiff after his pain, weakness, and stiffness in his right shoulder did not abate (ECF No. 64-1).

Dr. Damore's records indicate that Plaintiff visited his practice on March 5, 2019, March 19, 2019, August 28, 2019, and November 27, 2019 (ECF No. 64-1, pp. 1-2). A nerve conduction

study was performed on June 17, 2020, and Plaintiff had X-rays of the right shoulder taken on February 11, 2022, and a MRI in February 2019 (*id.*, pp. 2-3).

"It is uniformly held that where injuries complained of are of such character as to require skilled and professional persons to determine the cause and extent thereof, they must be proved by the testimony of medical experts." *Franklin v. Shelton*, 250 F.2d 92, 97 (10th Cir. 1957). Moreover, the Tenth Circuit has held that "[w]here the injury is obscure . . . a loss of future earnings capacity must be established by expert medical testimony in order to avoid pure speculation on the part of the jury." *Parra v. Atchison, Topeka & Santa Fe Ry. Co.*, 787 F.2d 507, 509 (10th Cir. 1986). Accordingly, the Court finds that Dr. Damore's report and opinions pertaining to Plaintiff's underlying pathologies in his shoulder, the potential medical complications of surgery, and Plaintiff's ability to return to work post-surgery are relevant, probative, and not speculative. Accordingly, Defendants' motion is DENIED.

### B. Plaintiff's Vocational Expert Daniel Best (ECF No. 63)

Defendants move to preclude Mr. Best's (Plaintiff's vocational expert) testimony and report regarding Plaintiff's future job prospects because Mr. Best's opinions are speculative (ECF No. 63). Plaintiff notes that Mr. Best is not being called for the purpose of opining as to which medical scenario will ultimately occur, but will testify as to Plaintiff's vocational options under various possible medical outcomes (ECF No. 71, pp. 2-3). A vocational expert cannot offer medical opinions; however, courts consistently find that vocational experts are qualified to offer opinions within their experience that "are based on factual predicates provided by medical experts." *Cereceres v. Walgreen Co.*, No. 20-CV-03406-NYW-MEH, 2022 WL 17665056, at *6 (D. Colo. Dec. 14, 2022). An expert's opinion does not need to be absolutely certain in order to

4

be admissible; any weakness in the data relied upon by the expert will go to the weight the jury will give to the expert's opinions. *See Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995) ("Although an expert opinion must be based on facts which enable [her] to express a reasonably accurate conclusion as opposed to conjecture or speculation, . . . absolute certainty is not required.") (citation and internal quotations omitted).  Expert testimony must be "based on sufficient facts or data" and be "the product of reliable principles and methods," and the expert "reliably appl[ies] the principles and methods to the facts of the case." Fed. R. Evid. 702(b)-(d). That Mr. Best will opine on more than one scenario does not make his testimony impermissibly speculative.  The Court finds that Defendants can sufficiently cross-examine Mr. Best regarding his conclusions to show any weakness in the data or Mr. Best's analysis. *Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking . . . admissible evidence."). The Court, therefore, DENIES this motion.

## IV.  CONCLUSION

Accordingly, Defendants' motions in limine are DENIED (ECF Nos. 63, 64).

DATED this 6th day of March 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

5